UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VETORIA M. BARNETT,<br><br>Plaintiff,<br><br>v.<br><br>LLOYD & MCDANIEL, P.L.C., TAYLOR LAW, PLLC, GREGORY L. TAYLOR and CACH OF COLORADO, LLC,<br><br>Defendants. | CASE NO. 1:15-cv-01759<br><br><br>JURY DEMAND |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action for statutory and actual damages, costs of the action and a reasonable attorney's fee brought by Vetoria M. Barnett for breach of contract and violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., by Defendants.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

### III.   PLAINTIFF

3. Plaintiff Vetoria M. Barnett is a natural person residing in Indianapolis, Indiana.

### IV.   DEFENDANTS

4. Defendant CACH of Colorado, LLC (hereinafter "CACH") is a for-profit foreign limited liability company with its principal place of business in Colorado.

5. At all times referenced herein, CACH was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

6. Defendant Taylor Law, PLLC (hereinafter "Taylor Law") is a foreign for-profit professional limited liability company with its principal place of business in Kentucky.

7. At all times referenced herein, Taylor Law was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

8. Defendant Lloyd & McDaniel, P.L.C. (hereinafter "Lloyd & McDaniel") is a foreign for-profit professional limited liability company with its principal place of business in Kentucky.

9. At all times referenced herein, Lloyd & McDaniel was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

10. Defendant Gregory L. Taylor is an attorney admitted to practice law in the State of Indiana and the State of Kentucky, is a member of both Taylor Law and Lloyd & McDaniel and is believed to reside in the State of Kentucky.

11. At all times referenced herein, Gregory L. Taylor was operating as a debt collector in the State of Indiana as defined by 15 U.S.C. § 1692a(6).

## V.   STATEMENT OF FACTS

12. On or about July 23, 2009, Lloyd & McDaniel and CACH filed a lawsuit, Cause No. 49D03-0907-CC-033433 (hereinafter "State Court Lawsuit"), against Vetoria Barnett in Marion Superior Court over an alleged credit card debt.

13. On or about August 10, 2009, Vetoria Barnett *pro* se moved for a continuance of the deadline to file her answer.

14. The Marion Superior Court treated her motion as a motion for automatic enlargement of time and granted it on August 14, 2009, giving Ms. Barnett until September 14, 2009 to respond to the complaint in the State Court Lawsuit.

15. The Marion Superior Court sent notice of the automatic enlargement to the parties on or about August 14, 2009.

16. On August 28, 2009, Lloyd & McDaniel and CACH moved for a default judgment in the State Court Lawsuit.

17. A default judgment was granted on August 28, 2009, but then set aside by order dated September 4, 2009 because Ms. Barnett was not in default.

18. On and after September 11, 2009, Ms. Barnett was represented in the State Court Lawsuit by an attorney.

19. On September 22, 2009, Ms. Barnett filed a lawsuit against Lloyd & McDaniel and CACH in the Southern District of Indiana, captioned *Vetoria M. Barnett v.*

*Lloyd & McDaniel, P.L.C and CACH of Colorado, LLC*, Case No. 1:09-cv-01180-SEB-TAB, (hereinafter "Barnett I") alleging that Lloyd & McDaniel and CACH violated the FDCPA by, *inter alia,* filing a motion for default judgment despite the fact that Ms. Barnett was not in default.

20. In March 2010, the parties settled Barnett I for $2,400.

21. The settlement of Barnett I was never reduced to a written settlement agreement.

22. On June 9, 2010, Barnett I was dismissed with prejudice.

23. CACH never paid Ms. Barnett the $2,400 settlement amount.

24. On March 28, 2014, the court set the State Court Lawsuit for a hearing pursuant to Trial Rule 41(E) for the plaintiff (CACH) to show cause why the case should not be dismissed.

25. CACH did not show cause, so on or about April 25, 2014 the state court lawsuit was dismissed pursuant to Trial Rule 41(E).

26. Prior to July 2015, Defendants were well aware that CACH did not obtain a judgment against Ms. Barnett and that the State Court Lawsuit had been dismissed.

27. On or about July 20, 2015, Taylor Law and Attorney Taylor (collectively hereafter referenced as "Taylor Law Attorneys") filed a Notice of Substitution of Counsel in the State Court Lawsuit.

28. On or about September 24, 2015, CACH and Taylor Law Attorneys filed a Motion for Proceedings Supplemental in the State Court Lawsuit, falsely representing that they possessed a judgment against Ms. Barnett when they did not.

29. The Motion for Proceedings Supplemental caused the court to set a hearing and issue an order for Ms. Barnett to appear.

30. CACH and Taylor Law Attorneys served or caused to be served an Order to Answer Interrogatories (attached hereto as Exhibit A) on Ms. Barnett's employer, Flotec Inc., in which CACH and Taylor Law Attorneys falsely state "(t)he Plaintiff has a Judgment against Vetoria M Barnett in the amount of $9,527.33, plus interest, on which there is a balance due and owing of $13,296.83…"

31. CACH and Taylor Law Attorneys served or caused to be served Ms. Barnett personally with a copy of the file-stamped Motion for Proceedings Supplemental For Wage Garnishment and Enforcement of Judgment, Order to Appear in Court and Order to Answer Interrogatories (collectively attached hereto as Exhibit B) despite the fact that they were aware she was represented by an attorney.

## VI.    CLAIMS FOR RELIEF

### A.  Breach of Contract – CACH and Lloyd & McDaniel

32. Plaintiff repeats, re-alleges and incorporate by reference paragraphs one through thirty-one above.

33. The settlement in Barnett I was an oral contract between Ms. Barnettt and CACH and Lloyd & McDaniel that required CACH and Lloyd & McDaniel to pay Ms. Barnett $2400 in exchange for termination of the litigation in Barnett I.

34. Ms. Barnett complied with her end of the bargain.

35. CACH and Lloyd & McDaniel breached the oral settlement agreement by failing to pay Ms. Barnett $2400.

36. Ms. Barnett has been damaged in the amount of $2400 as a result of the breach of contract.

### B.  FDCPA - CACH and Taylor Law Attorneys

37. Plaintiff repeats, re-alleges and incorporate by reference paragraphs one through thirty-one above.

38. CACH and Taylor Law Attorneys violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    (a) Communicating directly with Ms. Barnett despite knowing she was represented by an attorney in the State Court Lawsuit, in violation of 15 U.S.C. § 1692c(a);

    (b) Falsely representing that CACH had a judgment against Ms. Barnett, in violation of 15 U.S.C. § 1692e generally, 1692e(2), 1692e(9), 1692e(10), 1692e(13);

    (c) Attempting to collect an amount Ms. Barnett does not owe in violation of 15 U.S.C. §§ 1692e(2), 1692e(4), 1692e(5), 1692e(13) and 1692f(1);

    (d) Filing a motion for proceedings supplemental despite the fact that CACH was not a judgment creditor, in violation of 15 U.S.C. §§ 1692d (generally), 1692e (generally), 1692e(2), 1692e(4) 1692e(5), 1692e(10), 1692e(13), and 1692f (generally), 1692f(1);

    (e) Engaging in conduct the natural consequence of which is to harass, oppress or abuse Ms. Barnett by advising her employer that she owed

       a debt even though CACH and Taylor Law Attorneys knew she did not, in violation of 15 U.S.C. § 1692d; and

  (f) Communicating with a third party in connection with the collection of an alleged debt, in violation of 15 U.S.C. § 1692c(b).

39. As a result of the violation of the Fair Debt Collection Practices Act, CACH and Taylor Law Attorneys are liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants in an amount that will compensate her for her actual damages, contract damages, statutory damages, costs, prejudgment interest, attorney fees and all other appropriate relief.

## JURY DEMAND

Plaintiff hereby respectfully requests a trial by jury.

                s/ *Robert E. Duff*
                Robert E. Duff, Atty No. 16392-06

                Respectfully submitted,

                s/ *Robert E. Duff*
                Robert E. Duff, Atty No. 16392-06
                Indiana Consumer Law Group/
                The Law Office of Robert E. Duff
                P.O. Box 7251
                Fishers, IN 46037
                800-817-0461
                robert@robertdufflaw.com