UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VETORIA M. BARNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:15-cv-01759-TWP-DLP |
| CACH OF COLORADO, LLC,<br>LLOYD & MCDANIEL, P.L.C.,<br>TAYLOR LAW, PLLC,<br>GREGORY L. TAYLOR, | ) ) ) ) ) |
| Defendants. | ) ) |
| Robert E. Duff, | ) ) |
| Interested Party. | ) |

### **ENTRY DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant Cach of Colorado, LLC's ("CACH") Motion to Dismiss ([Filing No. 38](#)). For the reasons discussed below, the motion is **denied** as premature.

### **I. DISCUSSION**

On November 8, 2015, Plaintiff Vetoria M. Barnett ("Barnett") filed a Complaint alleging breach of contract against CACH and Defendant Lloyd & McDaniel, P.L.C. ("Lloyd & McDaniel") alleging violations of the Fair Debt Collections Practices Act against CACH, Defendants Taylor Law, PLLC ("Taylor Law") and Gregory R. Taylor ("Taylor") (collectively the "Defendants") ([Filing No. 1](#)). On March 23, 2017, CACH filed a Notice of Filing Suggestion of Bankruptcy, providing notice that CACH filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Case No. 17-10659. ([Filing No. 23](#).) The Notice included a demand "pursuant to 11 U.S.C. § 362, inter alia, the commencement or continuation of a judicial,

administrative or other action or proceeding against Defendant that was or could have been commenced before the Petition Date, including this action, is stayed as of the Petition Date." *Id.* The Court agreed and on March 28, 2017 issued the following Order:

> [T]he proceedings are stayed as to Defendant Cach of Colorado, LLC only. Plaintiff may move to lift the automatic stay if she believes an exception to the stay exists. Further, any party may move to lift the stay within thirty (30) days following the conclusion of the bankruptcy proceedings or the date on which the automatic stay is lifted.

([Filing No. 24](#).) In response to the Court's July 2, 2018 Order directing the parties to file a status report, CACH reported "on June 9, 2017, an order was entered in the Bankruptcy Court confirming the bankruptcy plan which released and discharged the claims in this lawsuit. *See* Document 298, attached hereto as Exhibit A". ([Filing No. 34 at 4](#).) Exhibit A was a 154-page document and no page(s) were designated for the Courts review. That same date, Barnett filed a status report stating that her claim was "non-dischargeable," alleging bankruptcy fraud and criminal conduct by defendants. ([Filing No. 35](#).) Neither Barnett nor CACH moved to lift the stay; instead, on August 22, 2018, CACH filed a Motion to Dismiss Barnett's Complaint, arguing an order from the Bankruptcy Court confirms that their Chapter 11 plan precludes liability. ([Filing No. 38 at 2](#).)

CACH's Motion to Dismiss is **denied** because the motion is premature, as the stay has not been lifted[1]. And, even if stay had been lifted and the Court were to consider the merits of the Motion to Dismiss, CACH would not be successful.

CACH does not indicate whether it seeks dismissal by Rule 12(b)(1), Rule 12(b)(6), or some other rule. The Motion to Dismiss merely asserts the Court must dismiss Barnett's Complaint because a June 9, 2017 order from the United States Bankruptcy Court for the Southern

---

[1] CACH has never filed a motion to lift the stay. The Court notes that the docket in Square Two Financial Services Corporation (17-10659) remains active, the most recent filing being Docket #834 an Ordered Stipulation signed on February 26, 2019 granting relief from stay with respect to real property located at 56 Prince Street, Brockton, Massachusetts 02302.

2

District of New York ("the Confirmation Order") precludes liability. CACH's Motion to Dismiss (Filing No. 38) purports to have attached the Confirmation Order as Exhibit A, but the docket shows the Order was not actually attached. Rather, the Confirmation Order is included in the documents attached as Exhibit A to CACH's Reply Brief in Support of Dismissal (*see* Filing No. 44-1), filed almost two months after the Motion to Dismiss.

When a motion to dismiss relies on matters outside the pleadings, and the Court elects to consider those matters, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Berthold Types Ltd. V. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) ("A motion to dismiss must be treated as a motion for summary judgment if the judge considers matters outside the complaint, but the judge may elect to treat a motion as what it purports to be and disregard the additional papers.") (emphasis deleted).

Thus, the Court would have two options. First, it could choose not to consider the attachments to CACH's filing and consider the Motion to Dismiss on its merits. That approach would result in denial of the Motion because CACH's one and only argument for dismissal rests on the Confirmation Order, which the Court cannot properly consider on a motion to dismiss.

The Court's second option would be to consider the documents from the Bankruptcy Court and treat CACH's motion as one for summary judgment under Rule 56. Consideration of the attachment would trigger procedural consequences, "both the opportunity for discovery…and the closing of the window for dismissal under Rule 41(a)(1)(i)." *Berthold* at 775 (citing *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247 (4th Cir. 1991); *Yosef v. Passamaquoddy Tribe*, 876 F.2d 283, 286 (2d Cir. 1989)). When a court converts a motion to dismiss into a motion for summary

3

judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But the fact that no discovery has been undertaken does not necessarily defeat a motion for summary judgment. *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) ("Rule 56 does not require that discovery take place in all cases before summary judgment can be granted.").

If CACH had intended for this Court to consider its motion to dismiss as a motion for summary judgment, it should have sought that relief directly by complying with the procedural requirements for a motion for summary judgment that are set forth in Local Rule 56.1. *See Ebea v. Black & Decker (U.S.), Inc.*, 2008 WL 1932196 at *4 (S.D. Ind. May 1, 2008). CACH makes no argument that the Confirmation Order is the type of "concededly authentic document" that a court can consider on a motion to dismiss. *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). As noted earlier, while CACH cited the Confirmation Order in its Motion to Dismiss (Filing No. 38 at 2), it did not actually attach the document to that filing. Rather, it attached the document to its Reply Brief in Support of Dismissal (Filing No. 44), meaning the document did not become a part of the record of this case until after Barnett had responded to CACH's Motion to Dismiss. By failing to attach the Confirmation Order to its Motion to Dismiss, CACH deprived Barnett of "a reasonable opportunity to present all the material that is pertinent to the motion," as required by Fed. R. Civ. P. 12(d). Moreover, Exhibit A is a 154-page document and CACH instructs the Court only to "*See*, P. 19 of 47, ¶6". Paragraph 6 states the following:

> Any objections or responses to confirmation of the Disclosure Statement or the Plan and any reservation of rights contained therein that (a) have not been withdrawn, waived or settled prior to the entry of this Order, or (b) are not cured by the relief granted herein, are hereby OVERRULED in their entirety and on their merits, and all withdrawn objections or responses are hereby deemed withdrawn with prejudice.

(Filing No. 44 at 1 at 19.) This paragraph alone provides no context, and CACH fails to

properly designate other relevant pages so that the Court and Barnett can make sense of its argument. The Court is not required to scour the record to find support for the fact in question. Consequently, CACH's Motion to Dismiss would be denied on its merits, because it relies entirely on a document that is not properly before the Court.

Regarding the remaining Defendants, Lloyd & McDaniel, Taylor Law, and Taylor; they did not file bankruptcy and they have never filed an Answer or otherwise responded to the Complaint and Barnett has not moved for default judgment. By separate order, the Court will issue a show cause notice to Barnett for her failure to prosecute her claims against these Defendants.

## II. CONCLUSION

For the foregoing reasons, CACH's Motion to Dismiss ([Filing No. 38](Filing No. 38)) is **DENIED** as **premature** and this matter remains **STAYED**. If, in fact, the Chapter 11 Bankruptcy proceedings have concluded, as previously ordered "any party may move to lift the stay within thirty (30) days following the conclusion of the bankruptcy proceedings or the date on which the automatic stay is lifted." ([Filing No. 24](Filing No. 24).) If the Bankruptcy proceedings have not been concluded, the parties are **ORDERED** to file status reports by no later than **Friday, April 25, 2019**.

**SO ORDERED.**

Date: 3/25/2019

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Vetoria M. Barnett
7036 Oldham Drive
Indianapolis, Indiana  46221

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Nicole Marie Strickler
MESSER STRICKLER, LTD.
nstrickler@messerstrickler.com

Stephanie A. Strickler
MESSER STRICKLER, LTD.
sstrickler@messerstrickler.com